Judge Underwood
delivered the opinion of the Court.
Belew filed his bill, and succeeded ire obtaining a decree perpetually injoining $95, part of a replevin bond, in favor of Turner, upon the ground that he had paid that sum to Glinn, a deputy sheriff', who held the execution which issued on the replevin bond, while the execution was in force. Upon a careful examination of the evidence, we are of opinion that Glinn never had the execution in his hands,, for the purpose of acting on it as an officer, and that he had no authority to receive the money from Belew, and pass a receipt for it. If the execution had*come to Glinn’s hands, it was his duty to indorse when he received it. He did not. There is nothing hr the return; or in any indorsement on it, showing that he ever had possession of the execution. The deposition of Jenifer, who seems to have been fully acquainted with the whole affair, is satisfactory to show that Glinn never had the execution. Jenifer is a disinterested witness. From his testimony, we are also satisfied that Belew procured Glinn’s receipt, not by paying money, but by trading in cash notes or a note.
The decreeof thecircuitcourtis reversed,and the cause remanded, with directions to dismiss the bill with costs, and dissolve the injunction with damages,
Turner must recover his costs in this court.